NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        )
THE UNITED STATES SMALL BUSINESS    )
ADMINISTRATION AS RECEIVER FOR      )
PENNY LANE PARTNERS, L.P.,           )
                                        )
             Plaintiff,        )
                                        )      Civil Action No. 08-1392 (GEB)
       v.                         )
                                        )      **MEMORANDUM OPINION**
SIDNEY BERGER,                       )
                                        )
            Defendant.        )
                                        )
_____)

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Sidney Berger's ("Defendant") Motion to Set Aside Default and Extend Time to Answer or Otherwise Plead and Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partner's ("SBA" or "Plaintiff") Motion for Default Judgment's Cross-Motion for Default Judgment.  The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will grant Defendant's Motion to Set Aside Default and Extend Time to Answer or Otherwise Plead and will dismiss Plaintiff's Motion for Default Judgment as moot.

## I.      BACKGROUND

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution

of the ancillary matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894.

The SBA filed the instant Complaint on March 17, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant.  (Docket Entry No. 1.)  The Complaint alleges that Defendant was a private limited partner, and that pursuant to a signed Limited Partnership Agreement ("LPA") Defendant agreed to make a capital contribution commitment to Penny Lane. (<u>Id.</u> at 3.)  Plaintiff alleges that "defendant as a Private Limited Partner is in breach of their [sic] obligations to fund Penny Lane with the balance of the capital commitment, in the amount of $51,750.00 plus ten percent (10%) interest from the date of October 31, 2006."  (<u>Id.</u> at 4.)

An Affidavit of Service for Summons and Complaint served on Defendant was filed on May 21, 2008.  (Docket Entry No. 4.)  Thereafter, on June 26, 2008, Plaintiff filed its request for entry of default.   According to the docket on the Case Management/Electronic Filing System ("CM/ECF"), the Clerk's Office granted Plaintiff's request for Entry of Default, and default was entered on June 27, 2008.

Then, on August 15, 2008, Defendant filed a Motion to Set Aside Default and Extend Time to Answer or Otherwise Plead.  (Docket Entry No. 6.)  Plaintiff filed a brief in opposition to Defendant's motion and a Cross-Motion for Default Judgment on September 2, 2008. (Docket Entry Nos. 7 and 8.)  On September 11, 2008, Defendant filed a Certification in reply to Plaintiff's Opposition Brief to the Motion to Set Aside Default, and in Opposition to Plaintiff's Cross Motion for Default Judgment.  (Docket Entry No. 9.)

The Court also received a letter from Defendant dated September 25, 2008, (Docket Entry No. 11), and a letter in response from Plaintiff dated September 26, 2008 (Docket Entry No. 12.) Defendant stated in his letter that it was drafted and submitted in order "to bring to this Court's

attention certain false and misleading factual contentions made by Plaintiff in its pleadings."
(Docket Entry No. 11 at 1.) In response, Plaintiff stated that Defendant's submission "is in effect an improper sur-reply . . . and should thus be rejected," but to the extent that the Court considers Defendant's letter, Plaintiff responded to Defendant's allegations in its own letter.  (Docket Entry No. 12 at 1.)


## II.      DISCUSSION

### A.      MOTION TO SET ASIDE DEFAULT AND EXTEND TIME TO ANSWER

Defendant requests "that an Order be entered vacating the default and extending the time within which Defendant . . . may file an answer or otherwise plead," and argues that the entry of default should be set aside because "there are no intervening equities or special harms to Plaintiff which would result from the setting aside of the default," because Defendant has alleged "defenses which support a reasonable showing of a meritorious defense, or at least a credible allegation that such a defense exists," and because Defendant is a resident of Illinois and "sought retention of local counsel, but was unable to procure such counsel prior to the entry of default."  (Docket Entry No. 6-2 at 6.)  In respect to the assertion of a meritorious defense, Defendant points to Section 5.12 of the Limited Partnership Agreement, which he paraphrases as providing that "in the event that any private limited partner fails to make a capital contribution, the general partner may, with the consent of the SBA, elect to declare that such private limited partners' commitment shall be deemed to be reduced to the extent and amount of any contributions of capital timely made pursuant to the Agreement."  (Id. at 3.)  Defendant also summarizes that the Agreement provides "that where the SBA has been given thirty (30) days notice of the general partners' election to declare a private

3

limited partner's commitment to be reduced for failure to make timely contributions, the SBA shall be deemed to have consented to such proposed partnership action where it has failed to object within such thirty (30) day period." (Id. at 4.) Defendant argues that this provision was invoked, and that it provides a defense against this action.

Plaintiff, in opposition to the motion, argues that this Court should deny Defendant's motion because Defendant has not asserted a meritorious defense. More specifically, Plaintiff argues that Defendant has merely raised a defense and has failed to provide evidentiary support to bolster his assertion. (Docket Entry No. 7 at 8.) Plaintiff also asserts that the asserted defense is "contradicted by the terms of the LPA" because before "a defense can even be alleged regarding implied consent within Section 5.7(d) . . . the general partner must first fulfill the conditions precedent of Sections 5.7(b) and 5.7(c)," which were not fulfilled in this case. (Id. at 8.) Plaintiff also argues that Defendant has not provided an explanation as to "why there was no communication with the Court to timely seek an extension of the time prior to the Defendant's default" and that Plaintiff will be prejudiced should the default be set aside because Plaintiff, as the court-appointed Receiver for Penny Lane Partners, L.P., "has already expended estate assets in the defense of this motion," and "proceeding on the merits would be a waste of judicial time and resources, as the Defendant has failed to prove that there is any merit to its argument." (Id. at 14.)

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.'" Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)). The Third Circuit Court of Appeals "has often emphasized that it does not favor defaults, and that in a close

4

case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).  To this end, "a standard of liberality should be applied in considering a motion to set aside a default" and "'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245-46 (3d Cir. 1951)).  The Court, in consideration of the instant motion "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted).

Here, the entry of default should be set aside because Defendant has satisfied all three factors. First, it appears that Plaintiff would not be prejudiced if the default was set aside.  The Affidavit of Service was filed on May 21, 2008, indicating that the Complaint was served to Defendant on April 13, 2008, and the default was entered approximately one month after the filing of the Affidavit of Service.  Defendant moved to set aside the default approximately six weeks after it was entered. Counsel has also provided documents to suggest that Defendant had asked Plaintiff immediately after the Entry of Default had been posted to consent to set is aside, but for whatever reason, the parties were not able to agree upon it. (Docket Entry No. 9.)

Defendant has also put forth a meritorious defense against Plaintiff's claims.  "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (quoting Tozer v. Charles A. Krause Milling Co., 189

5

F.2d 242, 244 (3d Cir. 1951); <u>Farnese</u>, 687 F.2d at 764).  Much of Plaintiff's Opposition Brief is directed to showing why Defendant's defense is not in fact "meritorious."  However, the Court concludes that the issues presented by both parties compel this Court to allow this matter to continue so that the merits may be addressed.  The parties, in arguing their respective positions in regard to whether Defendant's defense is meritorious, set forth provisions of the LPA, and while the Court has considered their arguments, the Court has determined that they invoke terms of the contract that require proofs and interpretations, and therefore, whether Defendant has presented a meritorious defense is a close call that would be better addressed substantively on the merits.  <u>See</u> <u>Medunic</u>, 533 F.2d at 894 (stating that "'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits'") (citation omitted).[1]

The Court also concludes that Defendant's delayed response to the instant action does not rise to the level of "culpable" conduct.  "Culpable conduct means actions taken willfully or in bad faith, and thus requires more than mere negligence."  <u>Harrison v. Host Marriot Corp.</u>, 1997 U.S. Dist. LEXIS 20489, *2 (E.D. Pa. Dec. 19, 1997) (citing <u>Hritz</u>, 732 F.2d at 1183; <u>Gross v. Stereo Component Sys. Inc.</u>, 700 F.2d 120, 123-24 (3d Cir. 1983)).  A delayed response, alone, is not sufficient grounds upon which to deny a motion to set aside an entry of default.  <u>See</u> <u>Medunic</u>, 533 F.2d at 894 (citing <u>Tozer</u>, 189 F.2d at 245-46.  There is no evidence of bad faith or willful conduct, although the delay in securing counsel may have been negligent.  Plaintiff argues that Defendant has not set forth an explanation regarding the delay in responding to the Complaint, but the Court rejects

---

[1] The Court notes that in reaching its decision, while it has read the letters from the parties, respectively dated September 25 and 26, 2008, the Court has not considered them in reaching this decision, as they amount to improper sur-replies, in violation of the Local Rules. <u>See</u> Loc. Civ. R. Pro. 7.1(d)(6).

this argument.  Defendant has asserted that he had sought another local attorney to represent him, that he determined that he did not want that attorney to represent him for whatever reason, and that he thereafter retained his current attorney.  Defendant has also provided a certification to the Court in which he accounts for his actions during the time period that he failed to formerly respond to the Complaint.  (Docket Entry No. 9.)  Based upon the submissions to the Court, the Court concludes that it was not culpable.

For these reasons, the Court will grant Defendant's motion to set aside the entry of default. Defendant will have fourteen days from the date of the filing of this memorandum opinion and accompanying order to file an answer or otherwise plead.

### B.  MOTION FOR DEFAULT JUDGMENT

Because the Court has granted Defendant's Motion to Set Aside the Entry Of Default and has extended a time period of fourteen days for Defendant to answer or otherwise plead, the Court will dismiss Plaintiff's Motion for Default Judgment as moot.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Set Aside Default and Extend the Time to Answer or Otherwise Plead, and the Court will dismiss Plaintiff's Motion for Default Judgment as moot.  Defendant has fourteen (14) days from the date of this order to answer or otherwise plead.  An appropriate form of Order accompanies this Opinion.

Dated: February 9, 2009

___s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.
